TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Cristina Bruner,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristina Bruner,<br><br>        Plaintiff,<br><br>   vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation,<br>Equifax Information Services, LLC a Georgia limited liability company, and<br>Trans Union, LLC,<br>a Delaware limited liability company,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, CRISTINA BRUNER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

NOW COMES THE PLAINTIFF, CRISTINA BRUNER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

5. Mrs. Bruner is a natural person residing the City of Phoenix, in Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona; and

c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

7. Portfolio Recovery Associates is reporting a fraudulent trade line on Mrs. Bruner's Experian, Equifax, and Trans Union credit files.

8. The trade line is fraudulent as Mrs. Bruner is a victim of identity theft.

9. In 2014, Mrs. Bruner opened a credit card account with Capital One ("the account") with a $2,000.00 credit limit.

10. In October 2014, Mrs. Bruner received a statement from Capital One, showing a balance of $10,370.00.

11. Mrs. Bruner did not make the charges that resulted in a balance of $10,370.00.

12. Mrs. Bruner disputed the charges with Capital One.

13. Capital One sent the account to collections before the issue could be resolved.

14. In 2016, Mrs. Bruner disputed the account with Portfolio Recovery Associates.

15. On or about January 8, 2017, Mrs. Bruner obtained her Experian credit file and noticed that Portfolio Recovery reported its trade line with an incorrect balance of $10,370 ("Bogus Trade Line").

3

16. On or about January 29, 2017, Mrs. Bruner filed a police report with the Navajo County Sheriff's Office.

17. On or about March 15, 2017, Mrs. Bruner submitted dispute letters to Experian, Equifax, and Trans Union ("CRAs"), disputing the Bogus Trade Line.

18. In the dispute letters, Mrs. Bruner explained that the Bogus Trade Line was fraudulent, attached a copy of the police report, and requested that the CRAs remove the Bogus Trade Line from her credit files.

19. Upon information and belief, the CRAs forwarded Mrs. Bruner's disputes to Portfolio Recovery Associates.

20. On or about March 22, 2017, Mrs. Bruner received correspondence from Trans Union, stating that Trans Union is in the process of investigation of the information she disputed. However, the current mailing address is not in its records. Trans Union requested two forms of verification in order to send Mrs. Bruner investigation results.

21. On or about March 26, 2017, Mrs. Bruner received correspondence from Equifax, stating that Equifax is in the process of investigation of the information she disputed. However, the current mailing address is not in its records. Equifax requested two forms of verification in order to send Mrs. Bruner investigation results.

22. On or about April 6, 2017, Mrs. Bruner received correspondence from Experian, stating that Experian added an Extended Fraud Victim Alert to her credit report and further stating that she must send two forms of verification to obtain a free copy of her credit report.

23. On or about April 11, 2017, Mrs. Bruner sent dispute letters to the CRAs with the information that the CRAs requested.

24. With the dispute letters, Mrs. Bruner included a copy of her driver's license and a letter from her bank containing her name and current address.

25. On or about April 19, 2017, Mrs. Bruner received correspondence from Trans Union, stating that the proof of address documents she provided are unacceptable.

26. On or about April 24, 2017, Mrs. Bruner received correspondence from Experian, stating her current mailing address was never reported to Experian.

27. On or about April 25, 2017, Mrs. Bruner received correspondence from Equifax, stating the identification information provided by Mrs. Bruner does not match its records.

28. To date, Mrs. Bruner has not received dispute results from any of the CRAs.

29. On or about June 7, 2017, Mrs. Bruner submitted a written request to the Annual Credit Report Request Service to obtain her credit files from each of the CRAs.

5

30. On or about June 12, 2017, Mrs. Bruner received correspondence from Trans Union, stating it is unable to locate her credit report.

31. On or about June 13, 2017, Mrs. Bruner received correspondence from Equifax, stating that it received Mrs. Bruner's request for her annual free credit report and that it requested two forms of identification for Mrs. Bruner to obtain her credit report.

32. On or about July 18, 2017, Mrs. Bruner received correspondence from Experian, stating that the social security number she provided does not match the identification information in its database.

33. Mrs. Bruner provided accurate and sufficient information for the CRAs to respond to her dispute letters and to provide her consumer disclosures upon her request.

34. The CRAs failed to send investigation results to Mrs. Bruner, in violation of the Fair Credit Reporting Act.

35. The CRAs failed to send consumer disclosures to Mrs. Bruner upon her request, in violation of the Fair Credit Reporting Act.

36. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain

from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

39. Such reports contained information about Mrs. Bruner that was false, misleading, and inaccurate.

40. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 U.S.C. § 1681e(b).

41. Experian negligently failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

42. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. Experian negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Experian received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Experian is liable to Mrs. Bruner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff realleges the above paragraphs as if recited verbatim.

8

47. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mrs. Bruner that was false, misleading, and inaccurate.

49. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 USC 1681e(b).

50. Experian willfully failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

51. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. Experian willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Experian received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Experian is liable to Mrs. Bruner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

57. Such reports contained information about Mrs. Bruner that was false, misleading and inaccurate.

58. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 USC 1681e(b).

59. Equifax negligently failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

60. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. Equifax negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Equifax received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

62. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

63. Equifax is liable to Mrs. Bruner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

66. Such reports contained information about Mrs. Bruner that was false, misleading, and inaccurate.

67. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 USC 1681e(b).

68. Equifax willfully failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

69. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. Equifax willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Equifax received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Equifax is liable to Mrs. Bruner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

73. Plaintiff realleges the above paragraphs as if recited verbatim.

74. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

75. Such reports contained information about Mrs. Bruner that was false, misleading, and inaccurate.

76. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 USC 1681e(b).

77. Trans Union negligently failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

78. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. Trans Union negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Trans Union received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Trans Union is liable to Mrs. Bruner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Bruner as that term is defined in 15 USC 1681a.

84. Such reports contained information about Mrs. Bruner that was false, misleading, and inaccurate.

85. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Bruner, in violation of 15 USC 1681e(b).

86. Trans Union willfully failed to provide a copy of Mrs. Bruner's consumer disclosure to her upon her request, in violation of 15 U.S.C. § 1681g(a).

87. After receiving Mrs. Bruner's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

88. Trans Union willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period beginning on the date on which Trans Union received the notice of dispute from Plaintiff as required by 15 U.S.C. 1681i.

89. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Bruner has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

90. Trans Union is liable to Mrs. Bruner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 31, 2017

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiffs,
Cristina Bruner